### DANIEL INGALLS *vs.* JAMES RICHARDSON.

Under *St.* 1840, *c.* 87, which gives to the supreme judicial court, "original and ex- clusive jurisdiction of all writs of entry, except for the foreclosure of mortgages," the court has not original jurisdiction of a writ of entry brought by a mortgagee af- ter the condition of the mortgage is broken, although he does not mention the mort- gage deed, nor the condition thereof, in his count.

WRIT of entry to recover a parcel of land in Dedham. The action was commenced in this court, and the demandant

counted on his own seizin, without setting forth the title by which he claimed the estate.

The case was submitted to the court on the following statement and agreement of the parties : " The demandant proposes to give in evidence, in support of his action, a mortgage deed of the demanded premises, executed by the tenant to secure a sum of money which is overdue and unpaid.

" If the action can be supported, upon these facts, and if, on motion of the tenant to enter the conditional judgment, either the conditional or an unconditional judgment can be legally entered by this court, the tenant shall be defaulted, and judgment be entered for the demandant :   Otherwise, the demandant shall become nonsuit, and the tenant recover his cost."

*Leland*, for the demandant.

*Wilkinson*, for the tenant.

WILDE, J.   This is a writ of entry, in common form, and the question is, whether it was rightly brought in this court, or should have been brought in the court of common pleas.

The only title, on which the demandant relies, is a mortgage deed from the tenant to him, to secure the payment of a sum of money, which it is agreed was overdue and unpaid, at the time of the commencement of the action.

By *St.* 1840, *c.* 87, § 1, this court has original jurisdiction of all writs of entry, and all other real actions, except for the foreclosure of mortgages.   If this then is an action for the foreclosure of a mortgage, it is clear that this court has no original jurisdiction, and that the action should have been commenced in the court of common pleas, notwithstanding the form of the writ ; for by the Rev. Sts. *c.* 107, § 3, the mortgagee, in an action for possession, may declare on his own seizin, as in a writ of entry, without mentioning the deed of conveyance, or the condition or defeasance thereof.   See also Rev. Sts. *c.* 101, § 3.   The form of the writ, therefore, is correct, and the question of jurisdiction must be determined by ascertaining the object and the effect of the action.   And this is made clear by the first section of the 107th chapter.   That section provides, that after the breach of the condition of a mortgage of

real estate, the mortgagee may recover possession of the mortgaged premises by action, in the manner before mentioned, or he may make an open and peaceable entry thereon, if not opposed by the mortgagor or other persons claiming the premises ; and such possession, obtained in either mode, being continued peaceably for three years, shall foreclose the right of redemption.

It has been argued for the demandant, that this is not to be considered as an action for the foreclosure, unless there is a prayer for the entry of a conditional judgment. But if the tenant has a right to pray for the entry of the conditional judgment provided for by the statute, and this court has not the power and authority to enter such a judgment, that certainly would be a valid objection to the jurisdiction of the court. But we think that the entry or non-entry of the conditional judgment does not determine the question as to the object and nature of the action. That provision was intended for the benefit and accommodation of the mortgagor, provided he would perform the condition of the mortgage within the time limited by the statute. If neither party moves for the entry of the conditional judgment, the demandant, in such a case, would be entitled to judgment for immediate possession ; and if he should thereupon enter under the judgment, and continue the possession peaceably for three years, the right of redemption would be foreclosed, by the express words of the statute. It follows conclusively, that this is an action for the foreclosure of a mortgage, of which this court has no jurisdiction ; and according to the agreement of the parties, the demandant is to become nonsuit, and judgment to be rendered for the tenant for costs.